UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BERNICE JONES,

        Plaintiff,

v.                                      8:23-cv-1275-TPB-MRM

MORGAN EXTERIORS, INC.,

        Defendant.

_____/

## DEFENDANT'S OPPOSED MOTION TO DISMISS

Defendant, Morgan Exteriors, Inc. ("MEI"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves to dismiss Plaintiff's discrimination (Counts I, III, IV, VI, and VIII) and retaliation claims (Counts II, V, VII, and IX), and in support thereof states the following:

## FACTUAL ALLEGATIONS

Plaintiff alleges that she was subject to race and age discrimination during her brief tenure with MEI. *See generally* Compl., Doc. 1. Plaintiff's remaining claims allege that she was unlawfully retaliated against for reporting instances of discrimination in the workplace. *Id.* At the time of her employment, Plaintiff was a 59-year-old African-American woman that worked as a customer service representative in MEI's brick and mortar location in Lutz, Florida in 2022. *Id.* at ¶¶ 5, 15, 17. In support of her discrimination claims, Plaintiff alleges that (1) her coworkers would use racial slurs in her presence,[1] (2) her coworkers would call her

_____

[1] Notably, Plaintiff does not allege that any racial slurs were directed toward her personally.

"queen," and (3) an unnamed manager told her that she was "too old and slow" when she reported this conduct to management. *Id.* at ¶¶ 20–21, 27, 33. Yet in support of her discrimination claims, Plaintiff only offers conclusory allegations that non-black and younger employees "did not receive discriminatory remarks" related to their races or ages. *Id.* at ¶¶ 37–40.  Concerning her retaliation claims, Plaintiff has failed to identify to whom she made complaints of disparate treatment and who ultimately terminated her.

Without identifying any comparators who were treated more favorably than her, Plaintiff only offers that unnamed employees outside her protected class were permitted to keep personal items and notes on their desk while Plaintiff was not. *Id.* at 40. And without identifying who she made her complaints of disparate treatment to and who ultimately terminated her, Plaintiff has not adequately pled the causation element necessary for a retaliation claim. The allegations of the Complaint, taken as true, do not establish a *prima facie* case of discrimination based on race or age or retaliation for engaging in protected activity.

## **MEMORANDUM OF LAW**

### A. **Motion to Dismiss Standard**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). "Although Rule 8(a) does not require 'detailed factual allegations,' it does require 'more than labels and conclusions'; a 'formulaic recitation of the cause of action will not do.'" *Young v. Lexington Ins. Co.*, No. 18-

62468, 2018 WL 7572240, at *1 (S.D. Fla. Dec. 6, 2018), *report and recommendation adopted*, No. 18-62468-CIV, 2019 WL 1112274 (S.D. Fla. Jan. 9, 2019) (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 167 a(2007)). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 555.

On a motion to dismiss pursuant to Rule 12(b)(6), the district courts accept as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004). But,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, (1986).

**B. <u>The Complaint Fails to State Claims for Discrimination Because It Fails to Identify Any Comparators Treated More Favorably Than the Plaintiff or Detail How They Were Treated More Favorably Than Her</u>**

Plaintiff's discrimination claims fail as a matter of law because she has failed to allege that any non-black or younger comparators were treated more favorably than she was. Plaintiff's failure to offer any information about these comparators whatsoever dooms her discrimination claims.

3

To state a claim for race or age discrimination, Plaintiff must allege that she (1) belongs to a protected class, (2) was subject to an adverse employment action, (3) was qualified for the position she held, and (4) her employer treated employees who are similarly situated in all material respects that were outside her classes more favorably than her. *Lewis v. City of Union City, Ga.*, 918 F.3d 1213, 1220 (11th Cir. 2019). Similarly situated employees are those who have engaged in the same basic conduct as Plaintiff, those under the same supervisor, and those with similar employment or disciplinary history. *Id.* at 1227–28 ("a plaintiff and her comparators must be sufficiently similar, in an objective sense, that they 'cannot reasonably be distinguished.'") (citing *Young v. United Parcel Service, Inc.*, 135 S.Ct. 1338, 1355 (2015)). Lacking facts supporting the fourth *prima facie* element, the Complaint "do[es] not plausibly suggest intentional discrimination, and [Plaintiff's] claims must fail as a result." *Arafat v. Sch. Bd. of Broward Cnty.*, 549 F. App'x 872, 874 (11th Cir. 2013) (unpublished).

The Complaint fails to offer any comparator evidence whatsoever. Instead, Plaintiff relies entirely on unsupported conclusory allegations that employees outside her protected class were afforded more favorable treatment than her. *See* Compl., Doc. 1, at ¶¶ 37–39. These allegations are insufficient to establish the fourth element of *prima facie* discrimination claim. *See Henley v. Turner Broad. System, Inc.*, 267 F. Supp. 3d 1341, 1353–55 (N.D. Ga. 2017) (dismissing race discrimination claim where plaintiff failed to allege that non-black employees received more favorable treatment than here in light of plaintiff's failure to

4

specifically identify any comparators). The Eleventh Circuit and the district courts thereunder routinely find that bare allegations of disparate treatment are insufficient to establish a discrimination claim at the pleading stage. *See Arafat*, 549 F. App'x at 875; *Gilliam v. U.S. Dept' of Veterans Affairs*, 2:16-cv-255-JES-UAM, 2019 WL 1383156, at \*4 (M.D. Fla. Mar. 27, 2019) ("because Plaintiff has failed to identify an adequate comparator, his race, national origin, and gender discrimination claims are facially implausible."); *Bryant v. City of Deland*, 6:16-cv-937-PGB-KRS, 2016 WL 3511761, at \*2 (M.D. Fla. June 3, 2016), *report and recommendation adopted*, 6:16-cv-937-PGB-KRS, 2016 WL 3422672 (M.D. Fla. June 22, 2016) (collecting cases finding that conclusory allegations of disparate treatment are insufficient to support claims for discrimination).

Since Plaintiff's Complaint suffers from the same pleading deficiencies as those in the cases canvassed above, this Court should dismiss Counts I, III, IV, VI, and VIII for failure to state a claim upon which relief can be granted.

C. **The Complaint Fails to State Claims for Retaliation Because It Fails to Identify Who Terminated Her and Whether This Decision Maker Had Knowledge of Plaintiff's Alleged Protected Activity**

Plaintiff's retaliation claims also fail at this juncture because she has not pled facts supporting the essential elements of a retaliation claim. Retaliation claims fail at the pleading stage when a plaintiff does not allege facts showing that (1) they have engaged in protected activity, (2) they suffered an adverse employment action, and (3) a causal connection existed between the plaintiff's protected activity

and their adverse employment action. *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008).

The retaliation claims fail because Plaintiff has not alleged who decided to terminate her and whether this individual had knowledge of her protected activity as alleged in the Complaint. *Compare* Compl., Doc. 1, at ¶¶ 31–33 (noting that Plaintiff complained to an unnamed manager and an unspecified human resources representative) *with id.* at ¶ 36 ("*Defendant* discriminated and/or retaliated against Plaintiff . . . by terminating [her] . . . .") (emphasis added). Without alleging facts showing (1) who Plaintiff complained to and when and (2) who the ultimate decision maker was, Plaintiff has not adequately pled facts showing the causation element of a *prima facie* retaliation claim. *See Enadeghe v. Ryla Teleservices, Inc.*, CIV.A 108-CV-3551-TW, 2010 WL 481210, at *9 (N.D. Ga. Feb. 3, 2010) ("Plaintiff fails to allege sufficient facts showing causation because she does not identify the individual who made the decision to terminate her in her Complaint, and she does not allege that the decisionmaker was aware that she complained about any discriminatory conduct."); *Quering v. Bank of Fla. Corp.*, 2:08-cv-627-JES-DNF, 2009 WL 1308610, at **2–4 (M.D. Fla. May 11, 2009) (dismissing complaint for retaliation in part for lack of facts supporting causation where the complaint failed to identify who gave plaintiff retaliatory performance evaluations).

As the Complaint stands, Plaintiff merely alleges that she complained about disparate treatment to an unidentified MEI representatives. The Complaint does not allege that either of these individuals—whoever they may be—terminated her,

or that the unidentified ultimate decision maker had knowledge of Plaintiff's protected activity before terminating her. As such, the Complaint fails to allege sufficient facts supporting the third *prima facie* element of Plaintiff's retaliation claims. As such, Counts II, V, VII, and IX should be dismissed for failing to state a claim upon which relief can be granted.

## **Local Rule 3.01(g) Certification**

The undersigned hereby certifies that he, in good-faith, conferred with Plaintiff's counsel on July 7, 2023, by e-mail to discuss an informal resolution of the motion. The parties are in disagreement with the relief sought in this Motion.

## **CONCLUSION**

Defendant MEI respectfully requests that this Court enter an order dismissing Plaintiff's discrimination and retaliation claims and awarding such other relief the Court deems just and proper.

Dated: June 7th, 2023.                    Respectfully Submitted,

/s/Cory J. Person
CORY J. PERSON, ESQ.
Florida Bar No.: 0032950
CHRISTOPHER T. LAWSON, ESQ.
Florida Bar No.: 1025196
FREEMAN MATHIS & GARY, LLP
2502 N. Rocky Point Drive, Suite 860
Tampa, Florida 33607
Tel: (813) 774-6363
Fax: (833) 330-0369
cory.person@fmglaw.com
chris.lawson@fmglaw.com
valentina.mcgeorge@fmglaw.com
soraya.sierra@fmglaw.com

Attorneys for Morgan Exteriors, Inc.

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that a copy of the foregoing was filed through the CM/ECF Portal, which furnished same via electronic mail delivery on this 7th day of July, 2023, to Brandon Hill, Wenzel Fenton Cabassa, P.A., 1110 North Florida Ave., Suite 300, Tampa, FL 33602, at bhill@wfclaw.com (Counsel for Plaintiff).

/s/ Cory J. Person
Florida Bar. No.: 0032950
cory.person@fmglaw.com